STATE OF NORTH CAROLINA v. DALE BAINES

No. 787SC1069

(Filed 3 April 1979)

1. Criminal Law § 143.5— probation revocation hearing—rules of evidence

The trial court was not bound by strict rules of evidence during a probation revocation hearing.

2. Criminal Law § 143.9— probation revocation—incompetent evidence—sufficient competent evidence to support order

Even if incompetent evidence was admitted at defendant's probation revocation hearing, the court's order revoking defendant's probation will be upheld where competent testimony by defendant's probation officers and by defendant himself was sufficient to support the court's determination that defendant violated conditions of his probation in that he willfully and without lawful excuse failed to pay court costs and other amounts required by the probation judgment, failed to report to his probation officer, and departed the State without notifying his probation officer.

3. Criminal Law § 143.1— probation revocation—sufficiency of order of arrest

An order of arrest served on defendant for violation of the conditions of his probation in a breaking and entering and larceny case constituted sufficient notice in writing of his revocation hearing in apt time to afford him a reasonable opportunity to be heard and was not required to inform defendant with particularity of the accusations against him.

APPEAL by defendant from *Graham, Judge*. Judgment and Order entered 10 August 1978 in Superior Court, NASH County. Heard in the Court of Appeals 28 February 1979.

On 13 August 1975, the defendant entered a plea of guilty upon a charge of felonious breaking and entering and felonious larceny. He was sentenced to a term of imprisonment of not less than four nor more than six years with the sentence suspended upon the usual conditions of probation and the condition that he pay $62.50 in restitution, a $250 fine, and court costs of $74. On 10 January 1977, a probation violation warrant and order for arrest were issued charging that the defendant had failed to pay his indebtedness as directed by the court and had otherwise specifically failed to comply with the terms and conditions of the probation judgment. That order for arrest was apparently never served upon the defendant. A second order of arrest was also issued on 10 January 1977, however, which stated that the defendant had failed to comply with the terms and conditions of the probation judgment. This order for arrest was served on the defendant on 21 July 1978.

At the probation revocation hearing, the trial court heard the defendant's present and former probation officers. Probation Officer Debbie Odom testified that the defendant was placed on probation on 13 August 1975 and that she was assigned to his case approximately one year later. She did not see the defendant on a regular basis after being assigned to the case, as he left his place of residence without permission and she had not been able to locate him. She also stated that the defendant had failed to pay the amount required under the probation judgment with the exception of $28.75. She later discovered that the defendant was in custody in Virginia. An order for arrest and extradition papers were sent to Virginia but were apparently not served before the defendant was released from custody there. The defendant apparently returned to Nashville without reporting to his probation officer, as she discovered on 21 July 1978 that he had been in custody in the Nash County Jail for two weeks under an assumed name.

Probation Officer Tim Kemp testified that he was the probation officer first assigned to the defendant's case. He helped the defendant obtain employment with a tobacco company shortly

after he was first put on probation. At the end of the tobacco season, the defendant was discharged. Kemp stated that he worked with the defendant for several months, but the defendant never obtained further employment. Kemp did not know if the defendant went to any of the places suggested or attempted to locate employment. The defendant never gave any reason why he was not able to obtain employment and never suggested that there was any physical reason why he could not obtain employment. Kemp additionally testified that he saw the defendant on the street in Nashville and asked him to come to his office immediately so that he could be introduced to his new probation officer and receive additional instructions. The defendant then told him that he had to go to one of the stores uptown and would be at Kemp's office in five or ten minutes. The defendant never appeared at Kemp's office. The trial court asked Kemp if work was available in the area, and Kemp replied that it was. The trial court then asked Kemp if he had a recommendation in the case, and he replied that the defendant had wilfully neglected to pay the money or cooperate with the department. No objections were made to these questions, and no motions to strike the answers were made.

The defendant testified that he went to Virginia because attempts had been made on his life and he was afraid. He stated that he did not inform his parole officer that he was leaving because threats had been made against his life. The defendant admitted that he did not go to his probation officer when he returned to Nash County and did not inform her that he had returned. He indicated that he did not go to see his probation officer because he went to work instead. He also stated that he had been working while in Virginia. He indicated that he had not told his probation officer at any time that he had received threats. The defendant stated that he was in good health and was able to work.

At the conclusion of the hearing, the trial court found that the defendant had wilfully and without lawful excuse violated the conditions of the probation judgment by failing to pay the amounts of money required by the judgment, by failing to report to his probation officer on request, and by leaving the State for an address unknown without informing his probation officer. As a result of these findings, the trial court concluded that the defend-

ant's probation should be revoked. The trial court entered an order and a judgment of commitment on 10 August 1978 revoking the defendant's probation and reinstituting the sentence of imprisonment of not less than four nor more than six years. From the order and judgment of the trial court entered on that date, the defendant appealed.

*Attorney General Edmisten, by Associate Attorney Benjamin G. Alford, for the State.*

*Early & Chandler, by John S. Williford, Jr., for defendant appellant.*

MITCHELL, Judge.

The defendant assigns as error the admission into evidence of several portions of the testimony of his probation officers. He contends in this regard that the trial court committed reversible error by admitting testimony of the probation officers relating to his ability to work during the period of his probation and the availability of work in the area during that period. He also contends that the trial court committed reversible error by admitting the conclusory testimony of one officer with regard to the wilfulness of his failure to abide by the terms of his probation. We do not agree.

[1] The trial court was not bound by strict rules of evidence during the probation revocation hearing. *State v. Pratt*, 21 N.C. App. 538, 204 S.E. 2d 906 (1974). Assuming *arguendo* that the trial court erred in admitting the testimony which gave rise to these contentions by the defendant, however, no reversible error was committed. When the trial court hears a matter without a jury and allows both competent and incompetent evidence to be admitted, it is presumed that the trial court ignores the incompetent evidence and considers only that which is competent and that the findings of fact of the court are in no way influenced by hearing the incompetent evidence. *Bizzell v. Bizzell*, 247 N.C. 590, 101 S.E. 2d 668, *cert. denied*, 358 U.S. 888, 3 L.Ed. 2d 115, 79 S.Ct. 129 (1958); *Bailey v. Matthews*, 36 N.C. App. 316, 244 S.E. 2d 191 (1978). Therefore, the order and judgment of the trial court must be affirmed if competent evidence was before the trial court which was reasonably sufficient to satisfy it in the exercise of sound judicial discretion that the defendant had, without lawful

excuse, wilfully violated one of the valid conditions of his proba-
tion. *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967); *State
v. Morton,* 252 N.C. 482, 114 S.E. 2d 115 (1960); *State v. Pratt,* 21
N.C. App. 538, 204 S.E. 2d 906 (1974).

[2]  We find that the competent direct evidence introduced by
the State through the testimony of the probation officers in the
present case indicated, when taken in the light most favorable to
the State, that the defendant absented himself from the State
without permission or authority in violation of the terms and con-
ditions of his probation and never attempted to contact his proba-
tion officers after his return to North Carolina. The competent
direct evidence introduced by the State also indicated that the
defendant did not visit or remain in contact with his probation of-
ficers before leaving the State or after his return, even though
one of the officers specifically asked the defendant to come to his
office after a chance meeting with the defendant in a public place.
This competent and direct evidence introduced by the State was
clearly sufficient to support, if nothing more, the trial court's find-
ings and conclusions that the defendant wilfully and without
lawful excuse refused to report to his probation officers during
those periods of time during which he was present in the State of
North Carolina and that he wilfully and without lawful excuse
absented himself from this State on occasion, both being done by
him in violation of the terms and conditions of his probation. As
the State's evidence is only required to be reasonably sufficient
to satisfy the trial court in the exercise of sound judicial discre-
tion that the defendant, without lawful excuse, wilfully violated
one valid condition of probation, these portions of the State's
evidence were sufficient to support the order and judgment of the
trial court from which the defendant has appealed. Therefore,
even if it is assumed *arguendo* that the testimony of the proba-
tion officers giving rise to the defendant's contentions was in-
competent and inadmissible, the competent and admissible
evidence elicited from them before the trial court was sufficient
to support the findings previously referred to and the conclusion
that the defendant's probation should be revoked. These
assignments and contentions are overruled.

Additionally, the defendant's testimony was sufficient to sup-
port all of the findings and conclusions of the trial court. The de-
fendant took the stand and admitted that he was able to work

and in fact did work during the period of his probation but had not paid the amounts still owed as a condition of that probation. He further admitted that he did not go to his probation officer's office when specifically requested to go there by the officer. His excuse for this was that it had slipped his mind. He also admitted that he left the State during his probationary period without notifying his probation officer. His excuse for this was that he had received threats against his life. He admitted, however, that he had never informed his probation officer even after returning to North Carolina. The testimony by the defendant was more than adequate to support the findings and conclusions of the trial court to the effect that the defendant wilfully and without lawful excuse failed to pay court costs and other amounts owed as required by the probation judgment, that he wilfully and without lawful excuse failed to meet with his probation officer and that he wilfully and without lawful excuse departed the State without notifying his probation officer.

[3] The defendant additionally contends that the order for arrest served upon him in connection with the violation of his probation was not sufficient in that it did not set forth all of the essential elements which the State was required to prove in order to justify revocation of his probation. The arrest order in question instead contained the conclusory direction to law enforcement officers that: "The defendant named above having failed to comply with the terms and conditions of the probation judgment in an actions (sic) charging breaking and entering and larceny You Are Directed To Arrest The Defendant. . . ." The defendant contends that this order for his arrest for violation of his probation was insufficient to inform him with particularity of the accusations against him so as to enable him to prepare his defense, inadequate to protect him from subsequent prosecution for the same offenses, and inadequate to enable the trial court to proceed to judgment in the event of his conviction. We find the defendant's contentions without merit.

As probation or suspension of sentence is an act of grace extended to one already convicted of a crime in a trial providing the full protection of due process of law, the rights of an offender in a probation revocation hearing are not those extended by the Constitution of the United States to one on trial in a criminal prosecution. *State v. Hewett*, 270 N.C. 348, 154 S.E. 2d 476 (1967). The

charge involved in all such cases is simply that the defendant has wilfully failed, without lawful excuse, to abide by the conditions of probation or suspended sentence. There are no lesser included offenses. If the defendant wishes more specific information concerning the evidence to be introduced by the State at the probation revocation hearing, ample means for obtaining such information are available. A defendant on probation or under suspended sentence must be given notice in writing of the hearing in apt time and an opportunity to be heard before any sentence of imprisonment is put into effect. *State v. Duncan*, 270 N.C. 241, 154 S.E. 2d 53 (1967). He is not, however, entitled to the same notice which must be included in a bill of indictment in a criminal case or to many of the other rights of one on trial in a criminal prosecution. *State v. Hewett*, 270 N.C. 348, 154 S.E. 2d 476 (1967). We find the order for arrest served upon the defendant constituted sufficient notice in writing of his probation revocation hearing in apt time to afford him a reasonable opportunity to be heard.

The order and judgment of the trial court are

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.