STATE OF NORTH CAROLINA v. LARRY JUNIOUS BOOKER

No. 36A83

(Filed 27 September 1983)

**Criminal Law § 75— voluntariness of confession—findings supported by evidence**

In a prosecution for first degree murder, the trial court correctly concluded that defendant's confession was made freely and voluntarily and was admissible against him where the evidence tended to show the period of custodial interrogation was not unduly lengthy; defendant did not suffer from deprivation of any necessary or requested human comforts; at no time did defendant request that the interrogation be suspended or that he be permitted to speak with an attorney; he was permitted to use the telephone and to converse with his mother; and at no time did the interrogating officers deprive or abuse defendant.

DEFENDANT was tried and convicted of first degree murder and armed robbery by a jury in ALAMANCE Superior Court, the *Honorable D. M. McLelland,* judge presiding. The trial judge arrested judgment in the armed robbery case and entered judgment

in the first degree murder case, sentencing defendant to life imprisonment upon the jury's recommendation. Defendant appealed to this Court, which found no error, save the insufficiency of the trial judge's findings regarding the voluntariness of defendant's confession. *State v. Booker*, 306 N.C. 302, 293 S.E. 2d 78 (1982). We remanded with appropriate instructions.

On remand, a hearing was held before the Honorable Wiley F. Bowen on 16 August 1982 in Alamance Superior Court. At the conclusion of that hearing, the judge made findings of fact and conclusions of law regarding the voluntariness of defendant's confession, finding that it was freely and voluntarily made. From these findings, defendant appeals.

*Rufus L. Edmisten, Attorney General, by Thomas F. Moffitt, Assistant Attorney General, for the state.*

*Gregory Davis for defendant appellant.*

EXUM, Justice.

The sole issue presented in this appeal is whether the trial court erred in concluding that defendant's confession was made freely and voluntarily. There is no *Miranda* issue. Defendant contends that the totality of the circumstances surrounding his custodial interrogation created a coercive atmosphere that rendered his confession involuntary. After a full review and consideration of the evidence presented at the hearing below, we conclude that the trial court's findings are amply supported by competent evidence. In light of these findings, we conclude that the totality of circumstances did not render defendant's confession involuntary. We affirm the trial court.

A full statement of the facts is set out in our earlier opinion. *See State v. Booker*, 306 N.C. 302, 293 S.E. 2d 78. We summarize them briefly. Defendant was taken into custody on 21 July 1980 under suspicion for an armed robbery and murder which occurred at a Robo car wash in Burlington, North Carolina. At the time of his arrest, defendant was nineteen years old, a high school graduate, and a private first class in the United States Army. He remained in custody for a period of about five and one-half hours, during which time he was interrogated for approximately two and one-half hours. Near the end of this period of interrogation, defendant confessed to the crimes.

On the first appeal there was uncontroverted evidence that: (1) interrogating officers told defendant he "would feel better if he got it off his chest"; (2) before confessing, defendant overheard discussions among the officers that certain ballistics tests performed on the murder weapon incriminated defendant; and (3) defendant was in custody five and one-half hours, during which time he was interrogated for approximately two and one-half hours. This Court concluded that these events, even if true, would not, taken singly or collectively, render defendant's confession inadmissible. The Court said, "We are not convinced that any one or the totality of defendant's contentions regarding the uncontroverted evidence . . . amount to such violation of defendant's due process rights as would render defendant's confession inadmissible." *Id.* at 311, 293 S.E. 2d at 83.

The Court was concerned on the first appeal with additional evidence offered by defendant at the suppression hearing which was controverted by the state's evidence. The conflict was not resolved by the trial court. The Court said, "There remains the question of whether the totality of the evidence, including both the uncontroverted evidence and the evidence in conflict, amounted to such coercion, actual or psychological, as would render defendant's confession involuntary." *Id.* We thus remanded the case and ordered the trial court to conduct a new hearing on the question of the voluntariness of defendant's confession.

At the new hearing the state offered testimony of two police officers who interrogated defendant. According to them defendant voluntarily accompanied the officers to police headquarters. He initially denied any involvement in the incident. When he denied having any money in his possession, Detective Dan W. Ingle asked to see his wallet. Defendant gave the wallet to Ingle, saying, "The money is in the billfold." Detective Ingle found $58 in the wallet. Between Detective Ingle's discovery of the money and defendant's inculpatory statement, defendant requested and was permitted to use the telephone. His mother came to the police station and was allowed to speak with defendant in the presence of police officers. During this time, the other interrogating officer, Detective Lieutenant Jerry D. Garner, received a telephone call from the State Bureau of Investigation dealing with a ballistics report. Garner repeated aloud the test results which indicated

that shell casings found at the scene of the crime had been fired from a Titan automatic pistol found at the residence of defendant's mother. Garner observed defendant react to having overheard this conversation by lowering his head and beginning to cry. Garner asked defendant if defendant now wanted to speak with him, and defendant stated that he did. During the conversation which ensued, defendant confessed to the crimes under investigation. The confession proceeded without interruption and was recorded in its entirety on a small tape recorder pursuant to standard police procedures. At no time did defendant request a break in his statement. Neither officer directed or suggested that defendant answer any question in any particular manner.

Defendant offered four witnesses, including himself, who controverted much of the officers' testimony. Defendant's mother testified that the officers yelled at defendant in a cruel voice, that the officers permitted her to talk with her son but prohibited them from discussing the case, and that defendant appeared unusually nervous and was crying. Angela Norwood, defendant's girlfriend, testified that she was permitted to see defendant after he gave the confession. She stated that when she asked defendant if he committed the crimes, he answered yes, but whispered to her that "they were making him say he did it." Elsie Mae Haith, a family friend, testified that she accompanied defendant's mother to the police station. While waiting for her, she conversed with Officer Garner. Garner told her that "if he had to do it over again, I don't think he would do it." While it is unclear from her testimony to whom the statement refers, she indicated on cross-examination that Garner was referring to a statement made by defendant. Finally, defendant testified regarding the incidents leading to his confession. He stated that the interrogating officers threatened him with the gas chamber if he did not confess, offered to intercede with the district attorney if he would cooperate, coached him during his recorded confession, and verbally coerced him to confess.

After considering all of the evidence presented at the hearing, the trial court made lengthy findings of fact and conclusions of law. Finding that no credible evidence supported the version advanced by defendant, the trial court found the following facts: Defendant was interrogated by only two police officers; requested and was allowed to use the telephone; availed himself of the

restroom facilities in the police station; refused the officers' offer of food and drink; was permitted to talk with his mother; at no time requested that the interrogation cease or that he be permitted to speak with an attorney; and was not abused, either physically or verbally. Finally, the trial court found the officers neither threatened defendant with a death sentence in the gas chamber nor offered to intercede with the district attorney on his behalf.

Our task in this appeal is a limited one. Factual determinations of the trial court supported by competent evidence, are conclusive on appeal. *State v. Easterling*, 300 N.C. 594, 602, 268 S.E. 2d 800, 806 (1980). On conflicting testimony determinations of witnesses' credibility is the province of the trial court. *State v. Biggs*, 289 N.C. 522, 530, 223 S.E. 2d 371, 376 (1976). A thorough review of the evidence presented at the hearing before Judge Bowen reveals that competent evidence exists which supports his factual determinations. Although conflicts exist in the evidence, their resolution is for the trial court. *State v. Rook*, 304 N.C. 201, 212-14, 283 S.E. 2d 732, 740-42 (1981), *cert. denied*, 455 U.S. 1038 (1982); *State v. McRae*, 276 N.C. 308, 314, 172 S.E. 2d 37, 41 (1970). That court has resolved the conflicts against defendant.

In light of the trial court's findings, we conclude that the totality of the circumstances surrounding defendant's confession does not give rise to such coercion, physical or psychological, that would render defendant's confession involuntary. *See generally, State v. Morgan*, 299 N.C. 191, 261 S.E. 2d 827, *cert. denied*, 446 U.S. 986 (1980). The period of custodial interrogation was not unduly lengthy. Defendant did not suffer from deprivations of any necessary or requested human comforts. At no time did defendant request that the interrogation be suspended or that he be permitted to speak with an attorney. He was permitted to use the telephone and to converse with his mother. At no time did the interrogating officers deprive or abuse defendant. Therefore, the trial court correctly concluded that defendant's confession was made freely and voluntarily and was admissible against him. Its ruling and its order of commitment on defendant's conviction and sentences are

Affirmed.