STATE OF NORTH CAROLINA v. NORRIS COLEMAN

No. 8227SC1077

(Filed 4 October 1983)

**1. Criminal Law § 143.5— revocation of probation—sufficiency of evidence**

In a probation revocation hearing where one of the conditions of probation was that defendant support his family, and where a North Carolina probation officer testified that defendant told her he had been incarcerated for nonsupport, this was competent evidence that defendant had violated a condition of his probation.

**2. Criminal Law § 143.3— probation revocation—supervision of defendant in Maryland—revocation hearing in North Carolina**

Although defendant was under the supervision of the State of Maryland, it was proper for his revocation hearing to have been held in North Carolina pursuant to G.S. 148-65.1A(d) and G.S. 148-65.1(3).

APPEAL by defendant from *Owens, Judge.* Judgment entered 7 June 1982 in Superior Court, GASTON County. Heard in the Court of Appeals 29 August 1983.

Defendant pled guilty to breaking or entering and larceny, and was placed on probation. He subsequently moved to Maryland, and his probation was transferred to that state. He now appeals from an order and judgment and commitment finding a violation of the terms and conditions of his probation, revoking the suspension of his sentence, and ordering his imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Rebecca K. Killian, Assistant Public Defender, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends that because the North Carolina probation officer testified entirely on the basis of a report prepared by a Maryland probation officer, he was denied his Sixth Amendment right to cross-examine a witness against him. He also contends the Maryland report was inadmissible hearsay.

In a probation revocation hearing the court is not bound by strict rules of evidence. *State v. Duncan,* 270 N.C. 241, 245, 154

S.E. 2d 53, 57 (1967); *State v. Baines*, 40 N.C. App. 545, 548, 253 S.E. 2d 300, 302 (1979); *State v. Green*, 29 N.C. App. 574, 576, 225 S.E. 2d 170, 172, *disc. review denied*, 290 N.C. 665, 228 S.E. 2d 455 (1976). If both competent and incompetent evidence is admitted, "it is presumed that the trial court ignores the incompetent evidence and considers only that which is competent [,] and that the findings of fact of the court are in no way influenced by hearing the incompetent evidence." *State v. Baines*, 40 N.C. App. 545, 548, 253 S.E. 2d 300, 302 (1979). Thus, if competent evidence was before the court "which was reasonably sufficient to satisfy it in the exercise of sound judicial discretion that the defendant had, without lawful excuse, wilfully violated one of the valid conditions of his probation," the order and judgment must be affirmed. *Baines, supra*, 40 N.C. App. at 548-49, 253 S.E. 2d at 302.

One of the conditions of probation was that defendant support his family. The North Carolina probation officer testified that defendant told her he had been incarcerated for nonsupport. This was competent evidence that defendant had violated a condition of his probation. Unless other error appears, then, the order and judgment must be affirmed.

[2] Defendant further contends that because he was under the supervision of the State of Maryland, his revocation hearing should have been held in that state; and that failure to hold the hearing there violated the interstate compact agreement. While the governing statute authorizes the receiving state to hold a revocation hearing which has the "same standing and effect" as if held in this state, G.S. 148-65.1A(d), it does not mandate a hearing in that state. Further, it provides that the sending state "may *at all times* enter a receiving state and . . . retake any person on probation." G.S. 148-65.1(3) (emphasis supplied). The phrase "at all times" clearly implies a right of the sending state to retake the probationer prior to a revocation hearing in the receiving state, and to hold the hearing in the sending state. This contention is thus without merit.

Affirmed.

Chief Judge VAUGHN and Judge PHILLIPS concur.