STATE OF NORTH CAROLINA v. JOHN EDWARD DARROW

No. 8610SC441

(Filed 30 December 1986)

1. Criminal Law § 143.6— probation revocation—evidence, findings and conclusions sufficient

The trial court did not err by denying defendant's motion to dismiss for insufficient evidence a probation revocation hearing where the court's findings that defendant had made obscene telephone calls were supported by the evidence, despite the presence of conflicting testimony, and the court's findings supported its conclusion that defendant had violated the terms of his agreement and that his removal from the felony diversion program was for just cause. N.C.G.S. § 15A-1341(a).

2. Criminal Law § 143.5— probation revocation—background evidence—no error

The trial court did not err in a probation revocation hearing by admitting evidence regarding defendant's original arrest for burglary, including an open copy of "Playboy" found in a closet, where the court stated that it was admitting the evidence only as background information and the findings were fully supported by competent evidence. The trial court is not bound by strict rules of evidence in probation revocation hearings and is presumed when sitting without a jury to rely only on competent evidence.

APPEAL by defendant from *Read, Judge.* Order entered 10 December 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 17 November 1986.

Defendant was charged in a warrant with first degree burglary of the home of Ms. Judy Crane. Prior to indictment, defendant, on 5 September 1984, executed an agreement with the State pursuant to G.S. 15A-1341(a) whereby he would participate in the felony diversion program and be placed on probation. The State agreed to defer prosecution on the burglary charge in exchange for defendant's agreeing to abide by certain restrictions while on probation. One of those restrictions was that defendant could not contact or harass Ms. Crane. Thereafter, Ms. Crane reported to the police that she had received two obscene telephone calls from defendant. Defendant's participation in the felony diversion program was terminated and an indictment was obtained charging defendant with second degree burglary.

Defendant filed a motion in superior court, stating that he had complied with the pretrial diversion agreement and asking the court to dismiss the indictment. The court held an evidentiary hearing on the question of whether the State had just cause to terminate his participation in the felony diversion program. After the hearing, the court made findings of fact and concluded that defendant had violated a condition of the agreement and that his termination from the program was for just cause. The court denied defendant's motion to dismiss the indictment.

*Attorney General Thornburg, by Assistant Attorney General Henry T. Rosser, for the State.*

*Purser, Cheshire, Parker & Hughes, by Gordon Widenhouse, for the defendant-appellant.*

EAGLES, Judge.

[1] Defendant argues that the court erred in denying his motion to dismiss because the evidence was insufficient to show that he violated the terms of the agreement. We disagree.

Defendant was allowed to participate in the felony diversion program pursuant to an agreement with the State under G.S. 15A-1341(a). This probationary status, however, is a matter of grace, not of right. *State v. Lombardo,* 306 N.C. 594, 295 S.E. 2d 399 (1982). Consequently, in probation revocation proceedings, grounds for revocation need not be proven beyond a reasonable doubt. *State v. Duncan,* 270 N.C. 241, 154 S.E. 2d 53 (1967). In-

stead, the court may allow revocation of probation on evidence which is sufficient to satisfy the court, in its discretion, that defendant has violated a valid condition of his probation. *State v. Ginn*, 59 N.C. App. 363, 296 S.E. 2d 825, *disc. rev. denied*, 307 N.C. 271, 299 S.E. 2d 217 (1982).

Here, the trial court found that the State proved, by a preponderance of the evidence, that defendant made an obscene telephone call to Ms. Crane on both 14 September 1984 and 10 July 1985. Since defendant signed his agreement with the State on 5 September 1984, these findings would support the trial court's conclusion that defendant violated the terms of his agreement and that his removal from the felony diversion program was for just cause. Findings of fact which are supported by competent evidence are binding on appeal, *State v. Dampier*, 314 N.C. 292, 333 S.E. 2d 230 (1985), even if there is evidence to the contrary. *State v. Small*, 293 N.C. 646, 239 S.E. 2d 429 (1977).

Examining the record, we find that the trial court's findings are fully supported by the evidence. Ms. Crane testified that she received an obscene telephone call on each of the dates in question. She testified that she was familiar with defendant's voice and that she recognized the voice of the caller as being defendant's. She further testified that she spoke with defendant for several minutes during each of the calls and that he used obscene language, attempted to convince her to engage in sexual acts with him, and told her that he was coming over to her home.

Defendant argues, however, that Ms. Crane's testimony was incredible. First, defendant claims that his evidence establishes an alibi on each of the two occasions she reported receiving a call. Second, defendant argues that the testimony of his witnesses show that, due to changes in his voice, Ms. Crane could have been mistaken as to the identity of her caller. Defendant's evidence clearly conflicts with Ms. Crane's testimony. This does no more, however, than raise an issue of credibility, which in this proceeding is a question for the trial court to decide. *State v. Booker*, 309 N.C. 446, 306 S.E. 2d 771 (1983). Ms. Crane's testimony regarding her familiarity with defendant's voice, and the length at which she spoke with the caller, serves as a sufficient basis from which the court could believe her identification of the caller. The trial court's finding of fact that defendant made obscene phone calls to Ms. Crane is adequately supported by the evidence.

[2] Defendant next argues that the trial court erred in admitting testimony by Ms. Crane regarding the events which resulted in defendant's arrest and charge of burglary. His objection includes Ms. Crane's testimony about an open copy of "Playboy" magazine which she found in a closet after defendant had allegedly broken into her home. Assuming, *arguendo*, that the evidence objected to was inadmissible under our rules of evidence, defendant has, nevertheless, failed to show any prejudicial error. The trial court, in probation revocation proceedings, is not bound by strict rules of evidence. *State v. Duncan, supra; State v. Coleman*, 64 N.C. App. 384, 307 S.E. 2d 207 (1983). Moreover, where the trial court, sitting without a jury, admits both competent and incompetent evidence, it will be presumed that the court relied on only the competent evidence and disregarded the incompetent evidence. *State v. Baines*, 40 N.C. App. 545, 253 S.E. 2d 300 (1979). Defendant has failed to show anything to overcome this presumption. The trial judge stated that he was admitting the evidence only as background information and his findings, as already noted, are fully supported by competent evidence.

No error.

Judges ARNOLD and JOHNSON concur.