STATE OF NORTH CAROLINA v. CURTIS EUGENE SMITH

No. 63A87

(Filed 2 December 1987)

1. Criminal Law § 138.40— mitigating circumstance—acknowledgment of wrong-doing—effect of motion to suppress confession

When a defendant moves to suppress a confession, he repudiates it and may not use evidence of the confession to prove the voluntary acknowledgment of wrongdoing mitigating circumstance set forth in N.C.G.S. § 15A-1340.4(a)(2)l.

2. Criminal Law § 138.34— mitigating circumstance—limited mental capacity— finding not required

The trial court was not required to find as a mitigating circumstance for second degree murder that defendant's limited mental capacity significantly reduced his culpability for the offense where the evidence was uncontradicted that defendant had a limited mental capacity but was in conflict as to whether this limited mental capacity significantly reduced defendant's culpability. N.C.G.S. § 15A-1340.4(a)(2)e.

APPEAL by defendant from a life sentence imposed by *Downs, Judge,* at the 10 November 1986 session of Superior

Court, GASTON County. Heard in the Supreme Court 12 November 1987.

The defendant pled guilty to first degree murder at the 24 May 1984 session of Superior Court of Gaston County. Before he entered the plea, he reserved the right to appeal an order overruling his motion to suppress the introduction of his confession. This Court in *State v. Smith*, 317 N.C. 100, 343 S.E. 2d 518 (1986), reversed the superior court and ordered a new trial.

The defendant then pled guilty to second degree murder. The evidence at the sentencing hearing showed that the defendant was 16½ years of age at the time of the offense. He and Judson Lee Ross, an 18-year-old friend, entered the office of the Paschall Oil Company. The defendant struck Mr. Marvin Hunt, an employee of Paschall Oil Company, twice with a blunt object, spattering blood on three walls and the ceiling, fracturing Mr. Hunt's skull, and sending a piece of the skull to the floor. Defendant and Ross then robbed Mr. Hunt. Mr. Hunt remained in a coma until he died 39 days later.

The court found as an aggravating circumstance that the offense was especially heinous, atrocious or cruel. The court found no mitigating circumstances and enhanced the defendant's sentence to life in prison. The defendant appealed.

*Lacy H. Thornburg, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General and H. Julian Philpott, Jr., Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant appellant.*

WEBB, Justice.

[1]   The defendant assigns error to the court's failure to find two mitigating circumstances, the first being that "prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer." N.C.G.S. § 15A-1340.4(a)(2)l.

The assignment of error brings to the Court the question of whether a defendant may use as evidence of the above mitigating

circumstance the fact that he confessed at an early stage of the proceedings after he moves to suppress the confession. In *State v. Hayes*, 314 N.C. 460, 334 S.E. 2d 741 (1985), this Court held that a defendant could not use a confession to prove the mitigating circumstance after he had repudiated the confession. In *State v. Robbins*, 319 N.C. 465, 526, 356 S.E. 2d 279, 315 (1987), we said, "[D]efendant made a motion to suppress these statements. This Court has held that if a defendant repudiates his incriminatory statement, he is not entitled to a finding of this mitigating circumstance." We hold that when a defendant moves to suppress a confession, he repudiates it and is not entitled to use evidence of the confession to prove this mitigating circumstance. We believe this holding is consistent with the holdings of previous cases and is a better reasoned rule than that for which the defendant contends.

[2] The defendant also contends it was error not to find as a mitigating circumstance that, "The defendant's immaturity or his limited mental capacity at the time of commission of the offense significantly reduced his culpability for the offense." N.C.G.S. § 15A-1340.4(a)(2)e. There was uncontradicted evidence that the defendant was 16½ years old at the time of the offense and that he had an I.Q. ranging from 60 to 65 which placed him in the bottom one percent of the population in intelligence. A psychiatrist testified he is "more like a ten year old" than a sixteen year old.

It is true that the evidence is uncontradicted that the defendant is of limited mental capacity. The evidence is not uncontradicted, however, that this limited mental capacity significantly reduced his culpability for the offense. There was evidence that the defendant and Ross had discussed robbing the Paschall Oil Company two weeks before the offense at the suggestion of the defendant. They had planned to tell Mr. Hunt that a woman needed oil and wanted his address. They planned to hit him while he was writing his address for the fictitious woman. There was evidence that they carried out this plan. While Mr. Hunt was writing the address defendant hit him in the head with a stick. When Mr. Hunt grabbed Ross, defendant hit him again so hard that brains, blood, and bone flew from his head.

We do not believe we should hold that because the evidence shows a defendant is of limited mental capacity, a court has to find this mitigating circumstance. The evidence must also show

this limited mental capacity significantly reduced the defendant's culpability. The evidence was in conflict on this part of the mitigating circumstance and it was not error for the court not to find it. *See State v. Moore*, 317 N.C. 275, 345 S.E. 2d 217 (1986).

Affirmed.