STATE v. MOORE

[94 N.C. App. 55 (1989)]

STATE OF NORTH CAROLINA v. DAVID EDWARD MOORE

No. 8818SC804

(Filed 6 June 1989)

1. **Criminal Law § 75.8 — second interrogation — readvisement of constitutional rights — findings supported by evidence**

    The trial court's finding that defendant was readvised of his constitutional rights prior to a second interrogation was supported by substantial competent evidence and is binding and conclusive on appeal.

2. **Criminal Law § 75.3 — confession not coerced**

    Defendant's confession was not obtained as the result of coercive police conduct where defendant was twenty-five years old at the time of his arrest; defendant was in the interview room for approximately eight hours but was not constantly interrogated and was permitted to rest; although defendant's breath smelled of alcohol, his mental and physical abilities were not appreciably impaired; the fact officers confronted him with the evidence against him and expressed disbelief in his initial account did not constitute coercion; and the interrogating officers did not abuse defendant or deprive him of any requested comforts.

3. **Criminal Law § 34.8 — prior rape — admissibility to show intent, plan and design**

    In a prosecution for first degree burglary and first degree rape in which the victim was a motel guest, evidence tending to show that defendant committed another rape at the same motel two weeks prior to the charged offenses was admissible to show intent, plan and design where the perpetrator of both rapes forcibly entered motel rooms at night occupied by women who were alone and raped the women with accompanying threats of physical violence. N.C.G.S. § 8C-1, Rule 404(b).

4. **Criminal Law § 138.40 — mitigating circumstance — acknowledgment of wrongdoing — effect of motion to suppress confession**

    A defendant who moved to suppress a confession was not entitled to use the confession as evidence to prove the voluntary acknowledgment of wrongdoing mitigating circumstance. The Court of Appeals will not determine whether this rule placed an impermissible burden on defendant's exercise

of his constitutional rights where no constitutional issue was raised in the trial court.

Judge BECTON concurring in the result.

APPEAL by defendant from *Morgan (Melzer A., Jr.), Judge.* Judgments entered 29 February 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 23 February 1989.

Defendant was tried and convicted of first degree burglary and first degree rape. The State's evidence tended to show that on 22 March 1987 defendant broke into the victim's motel room and raped her. Defendant presented no evidence. The trial court made findings in aggravation and mitigation of punishment and sentenced defendant to consecutive terms of life for rape and thirty years for burglary. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Melissa L. Trippe, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

PARKER, Judge.

Defendant brings forward four assignments of error. Defendant's first assignment of error is that the trial court erred in denying his motion to suppress evidence of incriminating statements made by defendant while in police custody. His second assignment of error is that the trial court erred in admitting evidence of a prior crime committed by defendant. Defendant also assigns error to the trial court's instructions concerning the purposes for which the jury could consider the evidence of the prior crime. Defendant's fourth assignment of error is that the trial court erred in failing to find as a mitigating factor that defendant voluntarily acknowledged his wrongdoing at an early stage in the proceedings.

Defendant moved at trial to suppress evidence of statements he made while in police custody on the grounds that the statements were involuntary and obtained in violation of his State and federal constitutional rights. The State sought to present evidence of three separate statements. The first statement was allegedly made while defendant was in custody in the back seat of a patrol car soon after his arrest at approximately 3:45 A.M. on 22 March 1987.

Defendant made the second statement during police interrogation at approximately 6:10 A.M. Defendant signed a waiver of rights form before making the statement and he also signed a transcript of the statement as recorded by a police officer. In the second statement, defendant contended that the victim had agreed to have sex with him in exchange for money.

After taking defendant's statement, the police interviewed the victim. The victim told the police that defendant broke into her motel room and forcibly raped her. At approximately 1:00 P.M., the police confronted defendant with the victim's version of the facts, told him they thought he lied in his previous statement, and also confronted him with the facts of another rape which had occurred on 7 March 1987 at the same motel. Defendant then allegedly confessed to both crimes and stated that he was a "sick man" with a drinking problem which caused him to commit the crimes. Defendant refused to sign a transcript of the third statement, stating that he wished to consult a lawyer before doing so.

Defendant moved at trial to suppress all three statements. The trial court conducted a *voir dire* on the matter and made findings of fact and conclusions of law as to the admissibility of the statements. The court ruled that the first statement made by defendant in the patrol car was inadmissible because the police did not adequately apprise defendant of his right to counsel. With regard to the second and third statements, the trial court found that the statements were made freely and voluntarily after defendant was fully advised of his constitutional rights and, therefore, the statements were admissible. The court did not allow the State to introduce the third statement in written form but permitted police officers to testify as to what defendant told them.

Although defendant has excepted to the admission of both statements, his arguments on appeal concern only the third statement, his confession to the crimes. Therefore, the admission of the second statement will not be reviewed on appeal. *See* Rule 28(b)(5), N.C. Rules App. Proc. We also note at this time that defendant objected to the admission of his confession to the prior crime on the additional ground that it was inadmissible under Rule 404(b) of the N.C. Rules of Evidence. That issue will be considered later in this opinion. We presently consider only the question of whether the third statement should have been excluded because it was obtained in violation of defendant's constitutional rights.

STATE v. MOORE

[94 N.C. App. 55 (1989)]

**[1]**  In the proceedings below, much time was devoted to determining whether defendant was readvised of his constitutional rights prior to the interrogation that began at approximately 1:00 P.M. It was established that defendant knowingly waived his rights prior to the 6:10 A.M. interrogation. Under some circumstances the police must readvise a defendant of his rights before subsequent interrogations. *See State v. McZorn*, 288 N.C. 417, 433-35, 219 S.E. 2d 201, 211-12 (1975), *death sentence vacated*, 428 U.S. 904, 96 S.Ct. 3210, 49 L.Ed. 2d 1210 (1976). The trial court in this case found as a fact that defendant was readvised of his rights. Defendant has, for the most part, abandoned this issue on appeal but he does state in his brief that there were some discrepancies in the evidence on this point. We find that the trial court's finding is supported by substantial competent evidence and, therefore, it is binding and conclusive on appeal. *State v. James*, 321 N.C. 676, 685-86, 365 S.E. 2d 579, 585 (1988).

**[2]**  Defendant's principal argument is that his confession was involuntary, and thus inadmissible, because it was obtained as a result of mental or psychological pressure. *See State v. Morgan*, 299 N.C. 191, 198, 261 S.E. 2d 827, 831-32, *cert. denied*, 446 U.S. 986, 100 S.Ct. 2971, 64 L.Ed. 2d 844 (1980). Whether the police exerted such pressure as to render defendant's confession involuntary must be determined from the totality of the circumstances. *Id.* The State bears the burden to show by a preponderance of the evidence that the confession was voluntary. *State v. James*, 321 N.C. at 685, 365 S.E. 2d at 585. The trial court must make findings of fact and conclusions of law that are determinative on the issue of voluntariness. *Id.*

The relevant factual findings made by the trial court in this case may be summarized as follows: The police arrested defendant in the victim's motel room and placed him in a patrol car at approximately 3:45 A.M. Officer A. D. Robertson questioned defendant for a short time while he was in the car. The officer brought defendant to the police department and placed him in a locked interview room at approximately 4:05 A.M. Defendant was wearing only a pair of slacks, which is how he was clothed at the time of his arrest. His other clothing had been found at the crime scene and seized as evidence. At approximately 5:45 A.M., defendant banged on the door and asked to use the restroom. The officer allowed defendant to use the restroom and returned him to the interview room. Shortly thereafter, Detective Bill Smith arrived

and entered the interview room with Officer Robertson to interrogate defendant. Defendant's breath smelled of alcohol and he appeared nervous, but his speech was not slurred and he gave coherent answers to the detective's questions. Smith advised defendant of his rights and defendant signed a waiver of rights and a written transcript of his statement. The interrogation lasted until approximately 7:30 A.M.

Following the initial interrogation, defendant remained in the interview room. Sometime between noon and 1:00 P.M., Detective Smith entered the interview room with Detective Ed Hill. Detective Hill noticed a smell of alcohol in the room but defendant appeared to be unimpaired. Hill readvised defendant of his rights, told him that his previous statement was "a bunch of crap," and confronted him with the victim's account and the facts of the previous incident. Defendant cried as he confessed to the crimes.

The trial court found that the officers made no threats or promises to defendant, that defendant did not request a lawyer until after he confessed, and that, although it would have been appropriate to offer him food, he requested none and never indicated that he was cold or hungry. The court also found that defendant consumed no alcoholic beverages after 1:00 A.M., he was not physically sick at the time of his confession, and his emotional state while confessing did not detract from the voluntariness of his statements.

Under these circumstances, we find no error in the trial court's denial of defendant's motion to suppress the statements. The trial court's findings are supported by competent evidence. Defendant's reliance on *State v. Hunt*, 64 N.C. App. 81, 306 S.E. 2d 846, *disc. rev. denied*, 309 N.C. 824, 310 S.E. 2d 354 (1983) is misplaced. In *Hunt* the defendant was sixteen years old and, after denying any involvement in the crime, told the police that he did not wish to answer any more questions until he saw his parents. The police nevertheless continued to interrogate him, told him he was lying, gave him a voice stress test and told him it showed he was lying, told him it would be easier on him if he told the truth, and told him that his father would want him to tell about the crime. *State v. Hunt*, 64 N.C. App. at 86, 306 S.E. 2d at 849.

No such coercive tactics were employed by the police in this case. Defendant was twenty-five years old at the time of his arrest. Although defendant was in the interview room for approximately

eight hours, he was not constantly interrogated and was permitted to rest. Defendant's consumption of alcohol did not affect the voluntariness of his statements because it did not appreciably impair him mentally or physically. *See State v. Perdue*, 320 N.C. 51, 59-60, 357 S.E. 2d 345, 350-51 (1987). The fact that the officers confronted defendant with the evidence against him and expressed disbelief in his initial account does not constitute coercion. *See State v. Chamberlain*, 307 N.C. 130, 145, 297 S.E. 2d 540, 549 (1982); *State v. Small*, 293 N.C. 646, 653, 239 S.E. 2d 429, 435 (1977). The interrogating officers did not abuse defendant nor deprive him of any requested comforts. *See State v. Booker*, 309 N.C. 446, 306 S.E. 2d 771 (1983). Accordingly, we hold that the trial court did not err in concluding that defendant's statements were made freely and voluntarily and were not obtained as a result of coercive police conduct. Defendant's first assignment of error is overruled.

[3] Defendant next contends that the trial court erred in admitting evidence tending to show that defendant committed a rape at the same motel two weeks prior to the charged offenses. The evidence consisted of testimony of the victim of the prior crime and defendant's confession to the prior crime. The admissibility of defendant's confession is governed by the same rules that control the admissibility of other evidence of the prior crime. *See State v. Simpson*, 297 N.C. 399, 406, 255 S.E. 2d 147, 152 (1979). The trial court ruled that the evidence was admissible under Rules 404(b) and 403 of the N.C. Rules of Evidence.

Under Rule 404(b), evidence of other crimes is not admissible to prove the character of a person, but such evidence may be admissible for other purposes. In this case, the jury was instructed that the evidence could be considered only for the limited purposes of showing the presence of defendant's intent to commit burglary and his plan or design with regard to the crimes charged. Rule 404(b) expressly authorizes the admission of such evidence for those purposes.

Defendant contends that the circumstances of the other crime were not sufficiently similar to the crimes charged to be admissible under Rule 404(b). We find no need to recount the details of the crimes, for we agree with defendant that there are no strikingly peculiar similarities in the manner of their commission. Nevertheless, in both crimes the perpetrator forcibly entered motel rooms at night occupied by women who were alone and raped the women

with accompanying threats of physical harm. The crimes occurred only two weeks apart at the same motel.

Our Supreme Court recently upheld the admission of similar evidence to show intent, plan and design in a case with similar facts. *State v. Bagley*, 321 N.C. 201, 362 S.E. 2d 244 (1987), *cert. denied*, --- U.S. ---, 108 S.Ct. 1598, 99 L.Ed. 2d 912 (1988). In *Bagley*, as in this case, identity was not at issue. Although the Supreme Court found that the crimes were characterized by a "remarkably odd and strikingly similar" *modus operandi*, the other crime had been committed ten weeks after the charged offense. *State v. Bagley*, 321 N.C. at 207, 362 S.E. 2d at 248. In the present case, the lack of a strikingly similar *modus operandi* is more than offset by the proximity of the two incidents in time and place. In addition, the evidence in this case has greater relevance than the evidence of the subsequent crime in *Bagley* because the defendant in *Bagley* was not charged with burglary, which is a specific intent crime, *State v. Joyner*, 301 N.C. 18, 30, 269 S.E. 2d 125, 133 (1980), and the other crime in this case was committed prior to the charged offenses. *See State v. Bagley*, 321 N.C. at 214, 362 S.E. 2d at 252 (Exum, C.J., dissenting).

Defendant also contends that the trial court erred in ruling that Rule 403 did not require exclusion of the evidence because its probative value was not outweighed by the danger of unfair prejudice. This ruling was a matter within the trial court's discretion, and we find no abuse of discretion in this case. *See State v. Bagley*, 321 N.C. at 208, 362 S.E. 2d at 248. The limiting instruction given by the trial court reduced the possibility that any unfair prejudice would result from the admission of the evidence. *Id.* Defendant's second assignment of error is overruled.

Defendant next assigns error to the trial court's instruction regarding the evidence of the prior crime. Defendant contends that, even if the evidence was properly admitted, it should have been considered only on the issue of intent and not to show plan or design. Defendant did not specifically object to the instruction at trial. He argues that his objection to the evidence was sufficient to challenge the instruction and, in any event, the instruction was plain error not requiring a specific objection. *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

The limiting instruction in this case is substantially the same as the instruction implicitly approved by the Supreme Court in

**STATE v. MOORE**

[94 N.C. App. 55 (1989)]

*State v. Bagley, supra.* In light of that decision and our holding in this case that the evidence was admissible to show plan or design, the instruction is not erroneous and clearly does not amount to plain error. Therefore, the assignment of error is overruled.

[4]  Defendant next contends that the trial court erred in failing to find as a statutory factor in mitigation of punishment that, at an early stage of the criminal process, defendant voluntarily acknowledged his wrongdoing to police officers. G.S. 15A-1340.4(a)(2)(1). Defendant contends that he is entitled to a finding of this mitigating factor by virtue of his confessions, which the trial court found to be voluntary. Defendant concedes that the Supreme Court recently held that a defendant who moves to suppress a confession is not entitled to use the confession as evidence to prove the mitigating factor of voluntary acknowledgment of wrongdoing. *State v. Smith,* 321 N.C. 290, 362 S.E. 2d 159 (1987). Relying on *United States v. Jackson,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed. 2d 138 (1968), defendant argues that denying his entitlement to a finding in mitigation of punishment on the grounds that he asserted his constitutional rights places an impermissible burden on the exercise of those rights. He also argues that the Supreme Court has not addressed this constitutional issue and, therefore, this Court may decide the question as a matter of first impression.

The transcript of the sentencing hearing reveals that this issue was not raised in the court below. Defendant's trial counsel conceded that decisions of our Supreme Court precluded the sentencing judge from finding the factor, and counsel did not make any constitutional argument. This Court will not decide a constitutional issue that has not been raised before the trial court. *State v. Robertson,* 57 N.C. App. 294, 296, 291 S.E. 2d 302, 303-04, *disc. rev. denied and appeal dismissed,* 305 N.C. 763, 292 S.E. 2d 16 (1982). Defendant's fourth assignment of error is overruled.

For the foregoing reasons, we find that defendant's trial and sentence are free of reversible error.

No error.

Judge ORR concurs.

Judge BECTON concurs in the result.

WESTOVER PRODUCTS, INC. v. GATEWAY ROOFING, INC.

[94 N.C. App. 63 (1989)]

Judge BECTON concurring in the result.

Because, and only because, of our Supreme Court's holdings in *State v. Bagley*, 321 N.C. 201, 362 S.E. 2d 244 (1987), and *State v. Smith*, 321 N.C. 290, 362 S.E. 2d 159 (1987), I am compelled to concur in the result.