STATE v. ERVIN MAYO, JR.

(Filed 25 May, 1966.)

**1. Indictments and Warrant § 15—**

An indictment may be quashed for want of jurisdiction, irregularity in selection of the grand jury, or for defect in the bill of indictment.

**2. Indictment and Warrant § 9—**

A defect in the bill of indictment may not be cured by a bill of particulars.

**3. Indictment and Warrant § 15;   Courts § 9—**

The quashal of a bill of indictment charging embezzlement of a specified sum between certain dates does not preclude another Superior Court judge from considering the sufficiency of subsequent indictments setting forth separate acts of embezzlement alleged to have been committed by defendant between the same dates and also a prior date in a total amount in excess of that charged in the first indictment. The law of the case contemplates an irrevocable determination or a final ruling on appeal and is quite different from *res judicata*.

MOORE, J., not sitting.

PARKER, C.J., and BOBBITT, J., concur in result.

APPEAL by the State from *Parker, J.,* September 1965 Criminal Session of BEAUFORT.

At the September 1964 Criminal Session of Beaufort County Superior Court, the Grand Jury returned a bill of indictment charging the defendant with the embezzlement of $1365.25 over a period from 27 January 1964 to 31 March, 1964. Thereafter, the defendant moved for a bill of particulars which was furnished by the Solicitor. Later, he moved the Court that "the indictment be quashed and set aside for the reason that it appeared from the record and from the indictment that no crime had been charged," etc.

At the November 1964 Session, Judge Cowper allowed a motion to quash the bill of indictment. No appeal was taken by the State.

At the September 1965 Criminal Session the Solicitor sent eight bills of indictment against the defendant which more particularly charged the defendant with the offenses set forth in the earlier bill, all of which were returned as true bills by the Grand Jury. The defendant moved to quash the new bills, and the Presiding Judge, the Honorable Joseph W. Parker, allowed the motion, finding as a fact that they "covered precisely the same offense as the indictment returned at the September 1964 Term," and further held that he was "without power to disturb the prior judgment of the Superior Court

quashing the former bill . . . and that no appeal now lies to one Judge of the Superior Court from the ruling of another."

The State appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Millard R. Rich, Jr., for the State.*

*John A. Wilkinson for the defendant.*

PLESS, J.  Bills of indictment may be quashed for want of jurisdiction, *S. v. Sloan,* 238 N.C. 547, 78 S.E. 2d 312, irregularity in the selection of the Grand Jury, *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513, and for defects in the bill of indictment, *S. v. Faulkner,* 241 N.C. 609, 86 S.E. 2d 81.

A defect in a bill of indictment is not cured by the statute which enables the defendant to call for a bill of particulars . . . the particulars authorized are not a part of the indictment, *S. v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901. As stated in Joyce on Indictments, Sec. 326, p. 364:

"\* \* \* If the indictment be not demurrable upon its face, it does not become so by the addition of a bill of particulars." Consequently, it was error to quash the first bill because of "the record *and* the indictment."

We cannot agree that Judge Parker was "without power" to rule on the new bills solely because Judge Cowper had earlier ruled on a similar bill.

An examination of the eight bills considered by Judge Parker discloses that they did not cover precisely the same offenses as the first bill. Two of the later bills refer to dates previous to January 27, 1964, and the total amount of the monies allegedly embezzled in the eight later bills is $1260.20 rather than $1365.25.

We find no North Carolina decision nor, indeed, one from any jurisdiction upon the exact question here presented except in some instances in which a foreign statute is being construed. The defendant in his brief gives no citations to sustain his position.

"The law of the case" contemplates an irrevocable determination or a final ruling on appeal and is quite different from *res judicata.*

As stated in 21 C.J.S., Courts, Sec. 195a., p. 331:

"\* \* \* The law of the case \* \* \* is distinct from *res judicata,* in that the law of the case does not have the finality of the doctrine of *res judicata,* and applies only to the one case, whereas *res judicata* forecloses parties or privies in one case by what has been done in another case, although in its essence

it is nothing more than a special and limited application of the doctrine of *res judicata* or former adjudication, and what is known as the 'law of the case,' that is, the effect and conclusiveness of a former decision in the subsequent proceedings in the same case, has been generally put upon the ground of *res judicata.*"

Since the present bills have not been considered upon their merits, the cause is remanded for that purpose, unaffected by the previous action of the court, and to that end Judge Parker's ruling is hereby
Reversed.

MOORE, J., not sitting.

PARKER, C.J., and BOBBITT, J., concur in result.