STATE OF NORTH CAROLINA v. JESSE EVERETT ALLEN

No. 59

(Filed 13 October 1971)

1. **Indictment and Warrant § 14— quashal of indictment — grounds for quashal**
    A bill of indictment may be quashed only for want of jurisdiction, irregularity in the selection of the grand jury, or fatal defect appearing on the face of the indictment.

2. **Indictment and Warrant § 11— variance in name of the victim — quashal of indictment**
    A variance between the real name of a homicide victim and the name given in the bill of indictment constitutes no ground for quashal of the indictment.

3. **Criminal Law § 149— right of State to appeal — order of mistrial**
    The State cannot appeal from an order of mistrial. G.S. 15-179.

APPEAL by the State from *Godwin, S.J.,* 8 February 1971 Mixed Session of JOHNSTON, transferred from the Court of Appeals for initial appellate review by the Supreme Court under its general order of 31 July 1970, entered pursuant to G.S. 7A-31 (b) (4).

Defendant, upon arraignment, pled not guilty to an indictment which charged him with the murder of Ervin H. Parrish on 3 November 1969. He was placed on trial for his life, and a

jury was duly impaneled. One of the first questions which the solicitor asked the State's first witness was, "Did you know Evin Parrish?" Defendant objected for the reason that the bill of indictment charged the murder of one "Ervin H. Parrish."

Defendant's counsel, in response to a question from the court, "took the position" that defendant knew no man by the name of Evin H. Parrish or Ervin H. Parrish and had no knowledge "that either of these persons named has any connection with the alleged deceased in this particular case." The court then "anticipated" that counsel might deem it his duty to move in arrest of judgment in the event of an adverse verdict. Counsel's reply to this comment was, "Yes, Sir." He further informed the judge that, as attorney for a defendant charged with a capital crime, he could not waive "any possible legal remedy or right available to him at any stage in his trial."

Judge Godwin, after an examination of the record of vital statistics of Johnston County, was convinced that the name of the victim of the murder charged in the indictment was Evin H. Parrish. The solicitor, arguing that the difference between the names of Ervin and Evin was merely a matter of spelling and not such a discrepancy as would constitute a variance between indictment and proof, urged the court to apply the doctrine of *idem sonans*. Judge Godwin, however, voiced the opinion that the indictment should "identify with exactitude" the person allegedly murdered. On his own motion he ordered a mistrial, continued the case, and directed the solicitor to send a new bill of indictment to the grand jury. In doing so, he specifically stated that "this bill is not dismissed; the case is merely continued."

The order of mistrial recited that the court was treating defendant's objection to the question which precipitated the discussion about the name of the murder victim as a motion by defendant for a mistrial, and that the court was allowing defendant's motion.

Defendant objected and excepted to the court's order. The State of North Carolina did likewise and gave notice of appeal.

*Attorney General Morgan; Deputy Attorney General Bullock for the State.*

*T. Yates Dobson, Jr., for defendant appellee.*

State v. Allen

SHARP, Justice.

This case presents an anomalous situation. Defendant objected to a question which the solicitor asked a State's witness. Defendant did not move for a mistrial or to quash the bill of indictment. Indeed, he made no motion whatever. Yet the judge, over the objection of both State and defendant, declared a mistrial and entered an order reciting that he had treated defendant's objection as a motion for mistrial and allowed the motion. Notwithstanding, the order of mistrial stands, albeit the record will not support the premise upon which it is based.

[1] The State, anticipating that defendant will enter a plea of former jeopardy and move for his discharge upon the next trial, attempts to treat the order of mistrial as a quashing of the bill of indictment. However, this theory likewise finds no support in the record. The judge specifically stated he was continuing the case and not dismissing the indictment. Furthermore, a bill of indictment may be quashed only for want of jurisdiction, irregularity in the selection of the grand jury, or for a fatal defect appearing on the face of the indictment. *State v. Mayo,* 267 N.C. 415, 148 S.E. 2d 257; *State v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745.

[2] However, on this record, no grounds for quashing the indictment appear. The court had jurisdiction; there is no suggestion that the grand jury was not properly constituted; and no defect appears upon the face of the indictment. A variance between the real name of the alleged victim and that given in the bill of indictment is not a defect appearing upon the face of the record, but one which would have to be established by evidence *dehors.* Cases in point are *State v. Sawyer,* 233 N.C. 76, 62 S.E. 2d 515; *State v. Gibson,* 221 N.C. 252, 20 S.E. 2d 51; and *State v. Reynolds,* 212 N.C. 37, 192 S.E. 871.

[3] We have, then, an appeal by the State from an order of mistrial. The judgments from which the State can appeal are listed in G.S. 15-179 (Supp. 1969), and an order of mistrial is not included therein. Moreover, in a criminal case neither the State nor a defendant may appeal from an interlocutory order. *State v. Bailey,* 65 N.C. 426. "It is settled by a series of adjudications that no appeal lies in a criminal action until after the rendition of final judgment in the cause." *State v. Twiggs,* 90 N.C. 685, 686. In *State v. Dove,* 222 N.C. 162, 22 S.E. 2d 231, the defend-

ant appealed from an order of mistrial. This court said: "It is apparent that the appeal is premature and must be dismissed." *Id.* at 163, 22 S.E. 2d at 232. This appeal must also be dismissed.

The remaining question debated in the briefs, whether upon a retrial defendant will be entitled to his release upon a plea of former jeopardy, does not arise upon this record.

Appeal dismissed.