State v. Duncan

*Robert W. Wolf for petitioner appellee.*

*David H. Wagner for respondent appellants.*

No. 7627SC190

(Filed 7 July 1976)

1. **Indictment and Warrant § 15— motion to quash indictment — statement of grounds and relief sought**

    The trial court did not err in failing to hear defendant's motion made at trial to quash the indictment where the grounds for the motion were not stated and the relief or order sought was not set forth. G.S. 15A-951.

2. **Indictment and Warrant § 14— quashal of indictment — grounds**

    A bill of indictment may be quashed only for want of jurisdiction, irregularity in the selection of the grand jury, or fatal defect appearing on the face of the indictment.

3. **Indictment and Warrant § 14— motion to quash indictment — defects on face of record**

 A motion to quash a warrant for failure to charge a crime or lack of jurisdiction of the court to try the case will be allowed only when the defects appear on the face of the record.

APPEAL by defendant from *Falls, Judge.* Judgment entered 22 October 1975 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 8 June 1976.

Upon a plea of not guilty defendant was tried on a bill of indictment charging him with the armed robbery of Flaye Willis on 26 June 1975.

Evidence presented by the State tended to show: On the day alleged, defendant and another man entered a store operated by Willis. Defendant pointed a gun at Willis and stated that they wanted "something besides gas." Willis grabbed the gun but was struck, subdued, and chained to a steel post by the robbers. Defendant took Willis' wallet containing $600, and the other robber took the cash drawer and its contents. Although Willis had known defendant for many years, at the time of the robbery he did not know defendant's name. Following the incident, he gave police a description of defendant, selected his picture from a police album and identified defendant in a lineup.

Defendant testified and denied any participation in the robbery. He presented evidence tending to show that he was employed picking beans on the day of the alleged robbery.

A jury found defendant guilty as charged and from judgment imposing prison sentence of thirty years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney J. Michael Carpenter, for the State.*

*Assistant Public Defender Michael Kent Hodnett for defendant appellant.*

BRITT, Judge.

By his first assignment of error defendant contends the trial court erred in refusing to hear his motion to quash the indictment. We find no merit in the assignment.

[1] The record on appeal discloses that when the case was called for trial the following transpired: The district attorney

read the bill of indictment and asked how defendant pled. His attorney then asked to see the indictment after which he stated to the court: "For the record, we move to quash and enter a plea of not guilty." The court then stated: "Under the new rules, you're not allowed to move to quash at this time, as I understand them. That's a motion you should have filed long before trial."

Defendant argues that his motion to quash is governed by G.S. 15A-952(d) which provides: "Motions concerning jurisdiction of the court or the failure of the pleading to charge an offense may be made at any time." Subsection (b) of said statute provides that "except as provided in subsection (d)" when certain motions are made in superior court, they must be made within the time limitations stated in subsection (c) unless the court permits a later filing. Subsection (c) states that unless otherwise provided, the motions listed in subsection (b) must be made at or before the time of arraignment if arraignment is held prior to the session of court for which the trial is calendared; if arraignment is to be held at the session for which the trial is calendared, the motions must be filed on or before 5:00 p.m. on Wednesday prior to the session when trial of the case begins.

While G.S. 15A-951 does not require that a motion made during a trial or hearing be in writing, it does require that the grounds for the motion be stated and that it set forth the relief or order sought. In the case *sub judice,* the grounds for the motion were not stated and it did not set forth the relief or order sought. Although the trial judge might have given a partially incorrect reason for his ruling, considering the form in which the motion was made, we hold that he did not err in failing to "hear" the motion.

[2] There are additional reasons for our holding that the trial court did not err in its ruling. A bill of indictment may be quashed only for want of jurisdiction, irregularity in the selection of the grand jury, or fatal defect appearing on the face of the indictment. *State v. Allen,* 279 N.C. 492, 183 S.E. 2d 659 (1971).

A motion to dismiss or quash an indictment because of irregularity in the selection of the grand jury is now governed by G.S. 15A-955, and by virtue of G.S. 15A-952(b)(4) such motion is subject to subsection (c) summarized above.

**[3]** In *State v. Underwood,* 283 N.C. 154, 195 S.E. 2d 489 (1973), our Supreme Court held that a motion to quash a warrant for failure to charge a crime, or a lack of jurisdiction of the court to try the case, will be allowed only when the defects appear on the face of the record. A careful review of the record in this case fails to disclose that the court lacked jurisdiction or that the indictment did not properly charge the offense for which defendant was tried.

We have considered the other assignment of error brought forward and argued in defendant's brief but conclude that it too is without merit.

No error.

Chief Judge BROCK and Judge MORRIS concur.