STATE v. WASHINGTON

[142 N.C. App. 657 (2001)]

---

STATE OF NORTH CAROLINA v. JAMES EDWARD WASHINGTON

No. COA00-198

(Filed 3 April 2001)

**1. Robbery— dangerous weapon—misdemeanor larceny— instruction on lesser included offense not required**

The trial court did not err by giving instructions for the offense of robbery with a dangerous weapon under N.C.G.S. § 14-87(a) without instructing on the lesser included offense of misdemeanor larceny, because: (1) the evidence clearly established that defendant possessed and used a dangerous weapon; and (2) whether defendant carried the gun into the store with him, or as he alleges, acquired the gun in a struggle is irrelevant.

**2. Assault— deadly weapon with intent to kill inflicting serious injury—instruction on lesser included offense not required—no plain error**

The trial court did not err by giving instructions for the offense of assault with a deadly weapon with intent to kill inflicting serious injury under N.C.G.S. § 14-32(a) without instructing on the lesser included offenses of assault with a deadly weapon, assault inflicting serious injury, and assault with a deadly weapon inflicting serious injury, because: (1) the evidence at trial supported every element of the offense of assault with a deadly weapon with intent to kill inflicting serious injury; and (2) there was no plain error in the trial court's instruction.

**3. Homicide; Robbery; Assault— motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of first-degree murder, robbery with a dangerous weapon, and assault with a dangerous weapon with intent to kill inflicting serious injury, because there was substantial evidence as to each of the elements of the offenses charged.

**4. Homicide— first-degree murder—short-form indictment—constitutionality**

Although the short-form murder indictment used to charge defendant with first-degree murder did not allege all of the elements of first-degree murder, the trial court did not err in concluding the indictment was constitutional.

Appeal by defendant from judgments entered 2 December 1998 by Judge D. Jack Hooks in Cumberland County Superior Court. Heard in the Court of Appeals 25 January 2001.

*Attorney General Michael F. Easley by Special Deputy Attorney General Thomas F. Moffitt for the State.*

*Margaret Creasy Ciardella for the defendant-appellant.*

THOMAS, Judge.

Defendant was found guilty in a jury trial of first degree murder, robbery with a dangerous weapon and assault with a deadly weapon with intent to kill inflicting serious injury. He was sentenced to life imprisonment without parole plus a consecutive term of not less than

STATE v. WASHINGTON

[142 N.C. App. 657 (2001)]

116 months nor more than 149 months. On appeal, defendant argues four assignments of error.

The State's evidence tended to show on 20 March 1996 Danny Bayless (Bayless) was working at Lucas Rod and Reel in Fayetteville when he heard loud voices coming from Willis Grocery Store (store). The two businesses were in the same building and shared a common entrance door to the outside. Bayless then heard Randy Carter (Carter), a clerk at the store, cry out "Save me, save me." As Bayless entered the store to investigate, he observed Carter on the floor being struck in the head with a pistol by defendant. As defendant turned the pistol, which actually belonged to Carter, toward Bayless, Bayless fired his own pistol and shot defendant in the chest. Defendant fired three shots at Bayless, striking him with each, and turned and fired "at least" two shots at Carter, killing him. Defendant then removed cash from the store's register and fled.

After being captured and taken to the emergency room, knowing a police officer was present, defendant said to his wife, "I went inside and told him I needed the money. The man had a gun and we started struggling for the gun and it went off."

Hospital records showed defendant underwent a colostomy as a result of his wounds. They also showed he tested positive for cocaine.

Defendant presented no evidence at trial.

The jury returned a verdict of guilty on each of the three charges. The trial court arrested judgment on robbery with a dangerous weapon since it merged with the first degree murder conviction based on the felony murder rule. *See State v. Goldston*, 343 N.C. 501, 474 S.E.2d 412 (1996).

By defendant's first and second assignments of error, he argues the trial judge erred in giving instructions for 1) robbery with a dangerous weapon without instructing for the offense of misdemeanor larceny; and 2) assault with a deadly weapon with intent to kill inflicting serious injury without instructing for (a) assault with a deadly weapon, (b) assault inflicting serious injury and (c) assault with a deadly weapon inflicting serious injury.

A trial judge is required to instruct the jury on the law arising from evidence presented at trial. The necessity of instructing the jury as to lesser included offenses arises only where there is evidence

from which the jury could find that a lesser included offense had been committed. *State v. White*, 322 N.C. 506, 512, 369 S.E.2d 813, 816 (1988). Further, the trial judge is not required to submit lesser included offenses for a jury's consideration when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence related to any element of the crime charged. *State v. Snead*, 295 N.C. 615, 247 S.E.2d 893 (1978).

[1] As to defendant's contention regarding the trial court's failure to instruct on misdemeanor larceny, N.C. Gen. Stat. § 14-87(a) defines robbery with a dangerous weapon as the taking of personal property of another, in his presence or from his person, without his consent by endangering or threatening his life with a firearm or other dangerous weapon, with the taker knowing he is not entitled to the property and intending to permanently deprive the owner of the property. *White* at 515, 369 S.E.2d at 817.

The lesser offense of larceny is defined as the taking and carrying away of the property of another without the owner's consent and with the intent to permanently deprive the owner of his property. *White* at 518, 369 S.E.2d at 819.

Our Supreme Court in *White* held that misdemeanor larceny is a lesser included offense of robbery with a dangerous weapon, an instruction for misdemeanor larceny should have been given under facts where defendant's version of the events supported it, and the failure to give such an instruction entitled the defendant to a new trial. In *White*, however, there was a conflict in the evidence as to whether the defendant actually possessed a weapon. There is no such conflict here. In the instant case, the evidence clearly established that defendant possessed and used a dangerous weapon. The facts *sub judice* are more similar to *State v. Cummings,* 346 N.C. 291, 488 S.E.2d 550 (1997). The Court in *Cummings* said "Here, the evidence is uncontradicted that the robbery was committed with the use of a dangerous weapon. Whether defendant carried the gun into the store with him, or as he alleges, 'acquired the gun in a struggle' is irrelevant." *Id* at 326, 488 S.E.2d at 570.

The evidence presented at trial positively established the elements of armed robbery. Therefore, this first assignment of error is overruled.

[2] As to defendant's contention that the trial court erred by not instructing on assault with a deadly weapon and assault inflicting serious injury, we also disagree.

N.C. Gen. Stat. § 14-32(a) lists the elements of assault with a deadly weapon with intent to kill inflicting serious injury as: (1) an assault; (2) with a deadly weapon; (3) with intent to kill; and (4) inflicting serious injury not resulting in death. Here, defendant pointed a .357 magnum pistol at Bayless and shot him. A pistol is a deadly weapon *per se. State v. Powell,* 238 N.C. 527, 78 S.E.2d 248 (1953). Thus, there was an assault with a deadly weapon. Additionally, one of the bones in an arm was broken in several places with the bullet exiting near the elbow. Another bullet passed through his right side and shoulder with a third remaining lodged near his shoulder. Bayless clearly suffered serious injury.

The finding of intent to kill was also well supported. "Defendant's intent to kill may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties and other relevant circumstances." *State v. James,* 321 N.C. 676, 688, 365 S.E.2d 579, 586 (1988) (*citing State v. Thacker,* 281 N.C. 447, 189 S.E.2d 145 (1972)). Defendant shot Bayless three times at close range with a large caliber pistol and within seconds fired fatal shots into Carter. All the evidence shows defendant intended to use lethal force. The evidence at trial supported every element of the offense of assault with a deadly weapon with intent to kill inflicting serious injury.

Defendant also contends the trial court should have instructed on the offense of assault with a deadly weapon inflicting serious injury, even though there was no request by defendant for such an instruction at trial. "A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request by any party, out of the presence of the jury." N.C.R. App. P. 10(b)(2) (2001).

The plain error rule can be an exception, however, and defendant argues such an exception is justified here. We disagree.

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where the error is grave error

which amounts to a denial of a fundamental right of the accused,' or the error has 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' or where the error is such as to 'seriously affect the fairness, integrity or public reputation of judicial proceedings' or where it can be fairly said 'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.'

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citing *United States v. McCaskill*, 676 F. 2d 995, 1002 (4th Cir. 1982)).

The plain error rule does not negate Rule 10(b)(2) and as is explained in *Odom*, rarely will an improper instruction which not objected to (or in this case not requested) justify reversal. Instead of the prejudicial error contained in N.C.G.S. § 15A-1443, we must determine whether the jury instruction was erroneous, and if so, whether it had a probable impact on the jury's verdict.

*State v. Rathbone*, 78 N.C. App. 58, 65, 336 S.E.2d 702, 706 (1985), *disc. review denied*, 316 N.C. 200, 341 S.E.2d 582 (1986). We find no plain error in the court's instructions. Accordingly, all parts of defendant's second assignment of error are overruled.

**[3]** By Defendant's third assignment of error, he argues the trial court erred in denying defendant's motion to dismiss based on insufficient evidence. We disagree.

In considering a motion to dismiss based upon insufficiency of the evidence "the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense." *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). If the court finds there is substantial evidence as to each element of the offense charged, or any lesser included offenses, the trial court must deny the motion to dismiss as to those charges supported by substantial evidence and submit them to the jury for its consideration; the weight and credibility of such evidence is a question for the jury. *State v. Vause*, 328 N.C. 231, 236-37, 400 S.E.2d 57, 61 (1991).

We find there was substantial evidence as to each of the elements of the offenses charged. Thus, this assignment of error is rejected.

[4] In his fourth assignment of error defendant argues the trial court lacked jurisdiction as to the first degree murder charge in that the short form indictment authorized by N.C. Gen. Stat. § 15-144 failed to allege all of the elements of first degree murder.

Defendant was appropriately charged in a short form bill of indictment in accordance with N.C. Gen. Stat. § 15-144. The defendant's indictment states in part:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT THAT on or about the 20th day of March, 1996, in the County named above the defendant named above did unlawfully, willfully and feloniously did of malice aforethought kill and murder Robert Carter. This act was in violation of North Carolina General Statutes Section 14-17."

Our Supreme Court "has consistently held indictments based on this statute are in compliance with both the North Carolina and United States Constitutions." *State v. Wallace*, 351 N.C. 481, 504-05, 528 S.E.2d 326, 341 (2000). See, e.g., *State v. Braxton*, 352 N.C. 158, 531 S.E.2d 428 (2000); and *State v. Avery*, 315 N.C. 1, 337 S.E.2d 786 (1985). "In light of our overwhelming case law approving the use of short form indictments and the lack of a federal mandate to change that determination, we decline to do so." *State v. Wallace*, 351 N.C. 481, 508, 528 S.E.2d 326, 343 (2000) Accordingly, this assignment of error is overruled as well.

NO ERROR.

Judges MARTIN and TIMMONS-GOODSON concur.