THORNBURG, Judge.
 

 Defendant James Thomas Brumley was charged with assault with a deadly weapon with intent to kill inflicting serious injury. The State's evidence tended to show that Connie Atkins shared her home with her teenage son Dustin, her boyfriend Bryant Douglas Hickman and William Billy Prichard. On the evening of 1 October 2002, Ms. Atkins, Dustin, defendant, William Holland, Hickman and Prichard were gathered at the Atkins' residence drinking. After Dustin and Ms. Atkins went to bed, the remaining group continued to drink. The next morning, defendant went to a friend's home to take a shower. Upon returning to the Atkins' residence, defendant entered Dustin's bedroom where he found Dustin asleep. In an unprovokedattack, defendant punched Dustin once and stabbed him twice, once in the chest and once under his right arm with a knife while saying, "[t]hat'll teach you." Dustin then went into his mother's room to inform her of the attack. Ms. Atkins ran to a neighbor's house, shouting for her to call 911.
 

 Detective Sabrina Currin of the Harnett County Sheriff's office arrived on the scene along with an ambulance unit. Detective Currin was told by an ambulance attendant that Dustin did not look like he was going to survive. At this point, the detective asked Dustin who had stabbed him. Dustin responded "Brumley stabbed me." Dustin was then taken to Central Carolina Hospital, where he had surgery and was placed in ICU after both of his lungs had collapsed. After being released from the hospital, Dustin had to return four times for treatment of his injuries. His stab wounds have prevented Dustin from doing things he was able to do before he was stabbed.
 

 Defendant testified on his own behalf. His testimony showed that he had a past relationship with Connie Atkins, of which both Dustin and Hickman were aware. Defendant testified that this relationship caused Dustin and others to attack him on two separate occasions. He stated that the purpose of his visit to the Atkins' residence on 1 October 2002 was to end the years of dispute and to make amends. Defendant further stated that when he returned to the Atkins' residence after taking a shower at Karen Spanauer's house, he was attacked by Dustin, Hickman, Prichard, and Holland.Defendant testified that he disarmed Holland, who had a butcher knife and then stabbed Dustin once in the chest.
 

 A jury convicted defendant of assault with a deadly weapon inflicting serious injury. The trial court sentenced defendant to fifty-three to seventy-three months in the custody of the North Carolina Department of Corrections. Defendant appeals.
 

 Defendant first contends the trial court erred by not dismissing the charge against him because the State failed to present sufficient evidence of serious injury. Our Supreme Court has stated:
 

 "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of the defendant's being the perpetrator of such offense. If so, the motion is properly denied."
 

 State v. Scott,
 

 356 N.C. 591
 
 , 595,
 
 573 S.E.2d 866
 
 , 868 (2002)(quoting
 
 State v. Powell,
 

 299 N.C. 95
 
 , 98,
 
 261 S.E.2d 114
 
 , 117 (1980)). "Substantial evidence is `such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
 
 State v. Washington,
 

 142 N.C. App. 657
 
 , 662,
 
 544 S.E.2d 249
 
 , 253 (2001) (quoting
 
 State v. Smith,
 

 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980)),
 
 disc. review denied,
 

 353 N.C. 532
 
 ,
 
 550 S.E.2d 165
 
 (2001). "The term `serious injury' as employed in N.C. G.S. § 14-32(a) means physical or bodily injury resulting from an assault with a deadly weapon."
 
 State v. James,
 

 321 N.C. 676
 
 , 688,
 
 365 S.E.2d 579
 
 , 586 (1988) (citing
 
 State v. Jones,
 

 258 N.C. 89
 
 ,
 
 128 S.E.2d 1
 
 (1962)). "Whether serious injury has been inflicted turnson the facts of each case and is generally a determination for the jury."
 
 State v. Woods,
 

 126 N.C. App. 581
 
 , 592,
 
 486 S.E.2d 255
 
 , 261 (1997). "Pertinent factors for jury consideration include hospitalization, pain, blood loss, and time lost at work."
 

 Id.
 

 Here, the State presented evidence that defendant stabbed Dustin with a knife in the chest and under the right arm. Dustin was hospitalized for about seven days, and even upon his release, Dustin had to return four times for additional treatment. Moreover, Dustin is no longer able to do things he did before his injury. Reviewing this evidence in the light most favorable to the State, a reasonable mind could conclude that defendant assaulted Dustin with a deadly weapon inflicting serious injury upon him. Accordingly, the trial court properly denied defendant's motion to dismiss.
 

 Defendant also contends the trial court erred by failing to instruct the jury that the stabbing must have been intentional in order to satisfy the first element of the charge of assault with a deadly weapon inflicting serious injury with intent to kill. Because defendant did not object to these instructions at trial, he "will not be allowed to complain on appeal absent a showing of plain error."
 
 State v. Carroll,
 

 356 N.C. 526
 
 , 539,
 
 573 S.E.2d 899
 
 , 908 (2002),
 
 cert. denied,
 

 539 U.S. 949
 
 ,
 
 156 L. Ed. 2d 640
 
 (2003). "A plain error is one `so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.'"
 
 Id.
 
 at 539,
 
 573 S.E.2d at 908
 
 (2002) (quoting
 
 State v. Bagley,
 
 321 N.C.201, 213,
 
 362 S.E.2d 244
 
 , 251 (1987),
 
 cert. denied,
 

 485 U.S. 1036
 
 ,
 
 99 L. Ed. 2d 912
 
 (1988)).
 

 Defendant is correct that the trial court did not inform the jury that the stabbing must have been intentional during the first portion of his instruction on assault with a deadly weapon with intent to kill inflicting serious injury. However, the judge did indicate that the stabbing had to be intentional at the conclusion of the charge. Furthermore, the trial court included the word "intentional" in his instruction to the jury on the lesser offense of assault with a deadly weapon inflicting serious injury, the crime of which the jury found the defendant guilty.
 

 Even assuming the trial court erred in giving the instructions, the error does not amount to plain error as there is a substantial amount of evidence that defendant intentionally stabbed Dustin, causing Dustin serious injury. Accordingly, the trial court did not commit plain error when it omitted the word intentional from the first portion of the jury instructions.
 

 No error.
 

 Judges HUDSON and STEELMAN concur.
 

 Report per Rule 30(e).