STATE OF NORTH CAROLINA
v.
MICHAEL VERNON MIZELLE
No. COA09-509.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Donald O'Toole, for the State.
Sofie W. Hosford for Defendant.
McGEE, Judge.
Michael Vernon Mizelle (Defendant) appeals from judgment dated 15 October 2008 and entered pursuant to a jury verdict finding him guilty of assault with a deadly weapon inflicting serious injury. The trial court sentenced Defendant to a term of thirty-seven months to fifty-four months in prison and ordered Defendant to pay $11,068.76 in restitution. Defendant filed notice of appeal on 23 October 2008.
At trial, the State's evidence tended to show that Defendant and Michael Daniels (Mr. Daniels) were at the home of a mutual friend on the night of 11 October 2006. Mr. Daniels purchased a small "dime bag" of cocaine from Defendant for seven dollars, three dollars less than the typical purchase price. Mr. Daniels was upset at the small amount of crack cocaine he had purchased for seven dollars, and Defendant and Mr. Daniels subsequently engaged in a fight over the sale on the front porch of the house. During the fight, Mr. Daniels fell into a window and severely lacerated his left hand on the broken glass. The fight continued into the front yard, where Defendant began to beat Mr. Daniels with a metal pipe that had been used to prop open the front door. Defendant struck Mr. Daniels approximately six to seven times with the pipe, knocking Mr. Daniels to the ground and striking him two or three more times while he was on the ground. Defendant then left. The next day, after Defendant learned there was a warrant for his arrest, he turned himself over to officers with the Washington Police Department. Defendant did not present any evidence at trial, but did move to dismiss the charges against him at the close of the State's evidence and at the close of all the evidence.
Defendant argues that the trial court erred in failing to grant his motion to dismiss the charges. Defendant contends the State did not present sufficient evidence that Mr. Daniels' injuries, caused by Defendant beating him with a metal pipe, constituted "serious injuries" sufficient to support a conviction for assault with a deadly weapon inflicting serious injury.[1] Defendant argues the only injury Mr. Daniels suffered which could be considered a "serious injury" was not caused by the metal pipe, but was incurred when Mr. Daniels fell into the window, prior to Defendant's beating him with the pipe. Defendant's argument is misplaced.
"`Upon defendant's motion for dismissal, the question for the [c]ourt is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" State v. Scott, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (quoting State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)). In reviewing a denial of a motion to dismiss, this Court views the evidence in the light most favorable to the State, and gives the State the benefit of all reasonable inferences arising from the evidence. Id. at 596, 573 S.E.2d at 869. "The term `serious injury' as employed in [N.C. Gen. Stat. § 14-32(a)] means physical or bodily injury resulting from an assault with a deadly weapon." State v. James, 321 N.C. 676, 688, 365 S.E.2d 579, 586 (1988). "Whether serious injury has been inflicted must be determined according to the particular facts of each case and is a question the jury must answer under proper instruction." State v. Marshall, 5 N.C. App. 476, 478, 168 S.E.2d 487, 489 (1969) (citation omitted). "Factors to be considered in determining if an injury is serious include pain, loss of blood, hospitalization, and time lost from work." State v. Wallace, ___ N.C. App. ___, ___, 676 S.E.2d 922, 928, (2009) (citation omitted).
In this case, the State presented evidence that Defendant struck Mr. Daniels several times with the metal pipe. The injuries caused by these strikes to Mr. Daniels included: (1) a laceration to his right leg approximately eight centimeters long requiring fourteen staples; (2) a laceration to his left shin approximately three centimeters long requiring an unknown number of staples; (3) four or five hole punches on his chest and back; and (4) a laceration on his right forearm also requiring stitches. The State presented sufficient evidence of these injuries from Mr. Daniels, an investigating police officer, and an emergency room physician. Thus, we hold the trial court did not err in denying Defendant's motion to dismiss and we overrule this assignment of error. Defendant's remaining assignments of error set forth in the record on appeal, but not argued in his brief to this Court, are deemed abandoned. N.C.R. App. P. 28(b)(6).
No error.
Judges GEER and HUNTER, JR. concur.
Report per Rule 30(e).
NOTES
[1] Because Defendant only challenges the sufficiency of the evidence to support the element that the injuries suffered by his victim were not "serious," we need not address the remaining elements of assault with a deadly weapon inflicting serious injury as set forth in N.C. Gen. Stat. § 14-32 (2007).